CHIASSON, Judge.
This is an appeal by Johnston Testers, Inc. and its insurer, The Travelers Insurance Company, defendants-appellants, from an adverse judgment holding them liable for injuries sustained by the plaintiff-appel-lee, Irene M. Samanie, in a four car collision on U. S. Highway 90 in Houma, Louisiana.
On the afternoon of August 24, 1976, plaintiff was proceeding in a westerly direction on Highway 90 in her 1969 Buick. U. S. Highway 90 in this area is a two lane paved highway with traffic flowing generally in easterly and westerly directions. She had come to a complete stop behind an unknown vehicle which had stopped to make a left-hand turn. Stopped immediately behind the plaintiff was Raymond Theriot, driving a pickup truck. The third vehicle was a 1971 Chevrolet owned by Walter Sanders and being driven by his daughter, Janice Sanders. Following the Sanders vehicle was the Johnston Testers 1976 *210 Chevrolet, driven by its employee, Raymond Duncan.
After the Samanie and Theriot vehicles had come to a stop behind the unknown car turning left, the Theriot vehicle was hit from the rear by the Sanders vehicle, propelling it into the rear end of the Samanie vehicle and causing injury to Mrs. Sama-nie’s neck, back and left arm. The Sanders car in turn had been hit from the rear by the Johnston Testers automobile.
Appellants contend that Mrs. Samanie’s injuries were caused solely by the rear ending of the Theriot truck by Janice Sanders. Appellants do admit that its vehicle struck the rear end of the Sanders vehicle, but claim that collision was after the impact between the Sanders and Theriot vehicles.
Janice Sanders, driving an uninsured car, claims that the Johnston Testers car struck the rear end of her automobile which resulted in the chain reaction collisions.
At the time of the accident, The Travelers Insurance Company had in force a policy of liability insurance covering the Johnston Testers car. Raymond Duncan was employed by Johnston Testers and was proceeding home after a day’s work.
Plaintiff instituted suit against Johnston Testers, The Travelers Insurance Company, and Janice Sanders. Plaintiff later amended her petition to include the Continental Assurance Company, her uninsured motorists carrier. Continental filed a reconven-tional demand against the plaintiff seeking credit for $1,000.00 it had paid to the plaintiff under the medical coverage portion of her policy. In addition, Continental third partied Johnston Testers, The Travelers Insurance Company, Janice Sanders and Raymond Duncan.
The trial court held that the sole cause of the accident was the negligence of Mr. Duncan, the driver of the Johnston Testers vehicle. In its reasons for judgment, the court stated:
* * * * * *
“While the court concedes there are at least three possible explanations of how the accident happened, one possible way the accident could have occurred and which is more probable in the opinion of this court than any other, is that explanation given by the State Trooper called to investigate the accident. His report is filed in the record by agreement of all counsel, and the court quotes the conclusions of Trooper Douglas Brunet from said accident report.
‘Vehicle # 2 (Sanders) was slowing down to stop behind vehicle # 3 (Ther-iot) and vehicle # 4 (Samanie) when struck into the rear by vehicle # 1 (Duncan). After the collision between vehicles 1 (Duncan) & 2 (Sanders), vehicle # 2 (Sanders) was pushed into vehicle # 3 (Theriot). Vehicle # 3 (Theriot) was pushed into vehicle # 4 (Samanie). Vehicle # 4 (Samanie) was stopped behind an unknown vehicle which was stopped waiting to make a left turn.’
“While these conclusions only represent an opinion of the investigating officer, and ordinarily are not admissible in evidence, based on testimony and evidence adduced at the trial, the court believes the conclusions of the officer as expressed above are correct and fully justified. While the accident may have occurred in the way claimed by Mr. Duncan, the court is of the opinion the evidence preponderates in favor of the factual conclusion reached by the officer.”
sk * * # sjc ¡fc
The plaintiff is totally free from fault in this case. The appellants contest the trial court’s ruling holding them solely liable for the damages caused by the accident. They contend that the sole cause of the accident was the actions of Janice Sanders and, in the alternative, that it was the joint negligence of both Sanders and Raymond Duncan. Appellants base their contentions on what they consider the physical facts surrounding the accident and insist that the trial court committed manifest error in its factual determinations.
The rule of appellate review of a trial court’s determination was stated in the case of Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), as follows:
*211 “When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error
The rule was later clarified by the Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978), in the following manner:
“. .. We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).”
Neither Mrs. Samanie nor Mr. Theriot could testify as to what transpired behind them prior to the collisions of their respective vehicles. This leaves only the two other drivers to testify as to what transpired prior to the collisions.
Miss Sanders testified by deposition taken in April of 1979. Stating that she saw the brake lights on the two proceeding vehicles in front of her go on, she applied her brakes. She looked in her rearview mirror and knew the following vehicle would hit her. She stated she came to a stop before being hit and denied that she hit the truck before being hit by Mr. Duncan.
On the other hand, Mr. Duncan testified at trial that he was slowing down as he approached the Sanders vehicle, going about 20 to 25 miles per hour. He quickly glanced down at his speedometer and heard two booms. He looked up and did not see any taillights on the Sanders vehicle. He claims that he was a ear’s length away when he looked up but could not avoid striking the rear end of her car.
The investigating officer did not testify but his report indicates that the Sanders vehicle was moving when it was struck in the rear by the Johnston Testers vehicle. It further indicates that the collision between these two vehicles occurred prior to the collision with the Theriot vehicle.
The trial court accepted the trooper’s version. The trooper who investigates an accident generally determines points of impact and the manner in which an accident occurred by reference to the physical evidence at the scene of the accident. The accident report prepared by the trooper was jointly admitted into evidence without reservation so that the factual contents, as distinguished from the conclusions therein, were properly considered by the trial court. We agree with the trial court’s determination that the initial impact was between the Sanders vehicle and the Johnston Testers vehicle at a time when the Sanders vehicle was still traveling, but slowing, and before it reached the stopped Theriot vehicle. The propelling force of this initial impact and its detrimental effects upon Miss Sanders’ braking attempt were causes in fact of this accident. This initial impact was caused solely by the negligence of Mr. Duncan. The trial court was therefore correct in holding that appellants are liable to the plaintiff.
Appellants next contend that the trial court erred in not holding Sanders jointly liable. Appellants argue that the substantial damage to the front end of the Sanders vehicle as compared to the minor damage to the rear end of the Sanders vehicle and to the front end of the Johnston Testers vehicle indicates that the great amount of force necessary to propel the Theriot vehicle into the Samanie vehicle came from the Sanders vehicle, rather than solely from the Johnston Testers vehicle.
The greater damage to the front end of the Sanders vehicle could be the natural consequence of the initial impact as before explained or it could be the result of some independent act of negligence on the part of Miss Sanders. No independent act of negligence on the part of Miss Sanders has been proven. Further, from the collision sequence as found herein and the evidence, we are unable to conclude that the degree *212 of damages alone is sufficient to establish negligence on the part of Miss Sanders. The case of Leftwich v. Molony, 322 So.2d 438 (La.App. 4th Cir. 1975) is distinguishable from this case. In the Leftwich case, supra, Molony, who was in a similar position to that of Miss Sanders herein, was found to have committed an independent act of negligence which contributed to the occurrence of the accident and resulting injuries. The trial court therefore did not err in holding appellants solely liable for Mrs. Sa-manie’s injuries.
Appellee, Samanie, answered the appeal contending that the amount awarded to her was insufficient in relation to the pain and suffering she sustained. The trial court granted Mrs. Samanie $35,000.00 for general damages in addition to her special damages of $6,513.21.
As stated in Reck v. Stevens, 373 So.2d 498, 501 (La.1979):
“However, absent an initial determination that the trial court’s very great discretion in the award of general damages has been abused under the facts of this case, the reviewing court should not disturb the trier’s award. Wilson v. Magee, 367 So.2d 314 (La.1979).”
The following is a summary of the trial court’s review of Mrs. Samanie’s injuries with which we agree:
“... After the accident she consulted Dr. William H. Marmande, a general practitioner, in Houma, Louisiana, and she was treated by said physician for a whiplash injury to her neck. His medical treatment of Mrs. Samanie consisted mostly of medication and her wearing a neck brace for a period of about three weeks. Thereafter, Dr. Marmande referred plaintiff to Dr. Chris Cenac, an orthopedic surgeon, who put her in Terrebonne General Hospital in traction. A myelogram was performed on Mrs. Samanie while she was a patient in said hospital. After about nine or ten days in the hospital, she was discharged and instructed by Dr. Ce-nac to participate in physical therapy treatments about three times a week. After a period of physical therapy treatments, Mrs. Samanie was referred to Dr. Kenneth E. Vogel, a neurologic surgeon, in New Orleans, Louisiana, who diagnosed Mrs. Samanie’s injuries as being a subcapsular herniated cervical disc and an acute lumbosacral strain. A discogram confirmed the diagnosis of herniation and as a consequence Dr. Vogel performed an operation on Mrs. Samanie called an anterior cervical fusion. The operation appears to have been successful and after a period of convalescence Mrs. Samanie was discharged with an evaluation by Dr. Vogel that she had incurred an approximate 10 to 15% permanent partial total body medical impairment with further restrictions. According to Dr. Vogel the acute lumbosacral strain apparently unti-mately resolved itself and she needed no further treatment for that injury. When she was discharged, she had reached the maximum medical improvement.”
Under the facts of this case, we do not find that the trial court abused its discretion in the award to Mrs. Samanie for general damages. The cases cited by plaintiff for similar injuries are not controlling in the determination of awards. As the court explained in Reck, supra:
“The use of such a scale of prior awards, made for merely generically similar medical injuries, has been expressly and repeatedly disapproved by Gaspard and the succeeding jurisprudence. Such a hypothetical scale of hypothetical awards cannot be used to determine whether or not this trier of fact has abused its discretion in the award to this particular plaintiff under the facts and circumstances peculiar to this case.” (Footnote omitted).
Further, the trial court did not abuse its discretion in not allowing recovery of the sum of $435.00 allegedly paid for household work during her period of convalescence. As stated by the trial judge, the need for such help was not sufficiently established.
Because of our holding herein, we need not consider the answer filed by Continental Assurance Company, the uninsured motorists carrier on the Samanie vehicle.
*213 For these reasons, the judgment of the trial court is affirmed at appellants’ costs,
AFFIRMED